IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DEBRA ANN NALANI MARTIN,<br><br>    Plaintiff,<br><br>    vs.<br><br>U.S. BANK NATIONAL ASSOCIATION, as Trustee, Successor in Interest to Bank of America, National Association as Trustee as Successor by Merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE3, et al.,<br><br>    Defendants. | CIVIL NO. 14-00458 DKW-BMK<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

**ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

This action is one of several filed in this district by Plaintiff Debra Martin's initially retained counsel, Robert Stone, alleging violations by Defendants U.S. Bank National Association ("U.S. Bank"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Select Portfolio Servicing, Inc. ("SPS") of the Fair Debt Collection Practices Act ("FDCPA") and seeking to quiet title to certain real

property on the basis that Martin is unsure to whom mortgage payments should be made.  Defendants moved for summary judgment on both claims.  Dkt. No. 21.  Because Martin fails to state a claim for violation of the FDCPA and lacks standing to bring a quiet title claim, the Court GRANTS Defendants' Motion for Summary Judgment.

## BACKGROUND

### I. Factual Background

This action arises from a November 2006 transaction in which Martin borrowed $525,000.00 from Quick Loan Funding, secured by a promissory note ("Note") and mortgage on real property located at 5688 Kalanianaole Highway (the "Subject Property") in favor of MERS solely as nominee for Quick Loan Funding, its successors and assigns.  Concise Statement of Facts ("CSF") ¶¶ 1-2; Exhibits ("Exh.") 1-2.

On June 7, 2013, MERS assigned the Mortgage to U.S. Bank, as Trustee, Successor in Interest to Bank of America, National Association as Trustee as Successor by Merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE3.[1]  CSF ¶¶ 3-4; Exhs. 2-3; SPS Decl. ¶ 5.  SPS is U.S.

---

[1] The assignment was recorded in the State of Hawai'i Bureau of Conveyances as Document No. A-49650399.  Exh. 3; SPS Decl. ¶¶ 4, 7.

Bank's Servicer.  CSF ¶ 6.  The Note is currently held by SPS and U.S. Bank's counsel, Leu Okada & Doi.  CSF ¶ 5; SPS Decl. ¶ 9.

On or about November 5, 2013, SPS provided Martin with notice of default of the Note and Mortgage and her right to cure.  CSF ¶ 6; Exh. 4; SPS Decl. ¶ 6.  Martin remains in default of the Note and Mortgage.  CSF ¶ 7.  On December 12, 2014, Martin notified U.S. Bank that she was disputing the debt.  Exh. 5.  On April 13, 2015, SPS, through its counsel, mailed its verification of Martin's debt.  CSF ¶ 9.  Martin has not tendered the full amount owed to U.S. Bank.  CSF ¶ 11; SPS Decl. ¶ 8.

## II. Procedural Background

On October 9, 2014, Martin filed a Complaint alleging violations of the FDCPA and seeking to quiet title on the Subject Property.  Dkt. No. 1.

On July 23, 2015, Defendants filed a Motion for Summary Judgment.  Dkt. No. 21.  The Court initially set Defendants' Motion for Summary Judgment for hearing on September 11, 2015.  Dkt. No. 22.

On August 28, 2015, Martin filed a Motion to Continue Defendants' Motion for Summary Judgment, seeking either (1) a continuance of Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(d), or in the alternative, (2) an extension of time to file a response to Defendants' Motion for Summary Judgment.  Dkt. No. 30.  The Court granted Martin's Motion to

Continue, continued the hearing on Defendants' Motion for Summary Judgment to October 2, 2015, and permitted Martin until September 18, 2015 to file an opposition. Dkt. No. 31.

On September 22, 2015, Martin filed a Second Motion to Continue Defendants' Motion for Summary Judgment, seeking again either (1) a continuance of Defendants' Motion For Summary Judgment pursuant to FRCP 56(d), or in the alternative, (2) an extension of time to file a response to Defendants Motion for Summary Judgment. Dkt. No. 32. Martin alleged that Defendants had yet to respond to certain discovery requests. Dkt. No. 32 at 3. Defendants opposed Martin's Second Motion to Continue, in part because Martin's counsel failed to sign the discovery requests, and thus, "Defendants [had] no duty to respond to unsigned discovery request" pursuant to FRCP 26(g)(2). Dkt. No. 33 at 6-8. Defendants also pointed out that even if the discovery had been properly issued, Martin had agreed to hold those discovery requests in abeyance while she pursued the loan modification process that she subsequently failed to initiate. Dkt. No. 33 at 3-5. Finally, Defendants asserted that the Second Motion to Continue was untimely. Dkt. No. 33 at 9. The Court denied Martin's Second Motion to Continue, given the additional three weeks that the Court had previously granted, and the lack of diligence on Martin's part in pursuing discovery. Dkt. No. 34.

On October 2, 2015, the Court held a hearing on Defendants' Motion for Summary Judgment. Dkt. No. 39. At the hearing, Martin's counsel, Mr. Stone, opposed Defendants' Motion for Summary Judgment on the basis that Martin had not had a chance to gather evidence in her own defense and that Defendants had not responded to Mr. Stone's discovery requests. In response, the Court pointed out that it had given Martin a three-week extension to submit her opposition, that this matter had been pending for a year and nothing prevented Plaintiff from conducting discovery in that time frame well before any dispositive motion had been filed, and that Mr. Stone had done nothing to enforce discovery responses that he claimed were past due. Instead, Plaintiff opted to wait until each successive time deadline had come and gone, and then merely requested more time. Notwithstanding the absence of a written opposition, the Court permitted Martin, at the October 2 hearing, a verbal opportunity to oppose the substance of Defendants' Motion for Summary Judgment. Mr. Stone, however, responded that he could not do so.[2]

---

[2] The parties do not dispute that Mr. Stone failed to sign the discovery requests directed to Defendants. *See* Dkt. Nos. 33-2, 33-3. Moreover, the record reflects that Mr. Stone did not initiate discovery until after Defendants had filed their Motion for Summary Judgment, nearly a year after the Complaint was filed. Plaintiff's failure to diligently pursue discovery or adequately explain why she could not "present facts essential to justify [her] opposition" renders any requested relief under Fed.R.Civ.P. 56(d) inappropriate.

## **STANDARD OF REVIEW**

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case. A 'genuine issue' of material fact arises if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

When evaluating a motion for summary judgment, the court must construe all evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). Thus, the moving party has the burden of persuading the court as to the absence of a genuine issue of material fact. *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, the nonmoving party must set forth "'significant probative evidence'" in support of its position. *T.W. Elec. Serv.*, 809 F.2d at 630 (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion," and can do so by either "citing to particular parts of materials in the record" or by "showing that the materials cited

do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

Martin did not file an opposition that addressed the merits of Defendants' Motion for Summary judgment. Nor did Martin's counsel avail himself of the opportunity to address the substance of Defendants' Motion at the October 2, 2015 oral argument. When a motion for summary judgment is unopposed, the motion should nonetheless be granted only when the movant's papers are themselves sufficient to support the motion, and the papers do not reveal a genuine issue of material fact. *In re Rogstad*, 126 F.3d 1224, 1227 (9th Cir. 1997) (noting that it is in error to grant a motion for summary judgment simply because the opponent failed to oppose the motion); *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir.1994) (noting that an unopposed motion may be granted only after the court determines that there are no material issues of fact).

Additionally, in a motion for summary judgment, "material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party." L.R. 56.1(g) (effective Dec. 1, 2009). "Thus, while this court is not permitted to grant an unopposed motion for summary judgment as a matter of right, *Siegel*, 26 F.3d at 1494-95, it must deem all facts proffered in [the defendant's] concise statement as admitted by

[the plaintiff]. Therefore, the court must determine whether the facts, as asserted in [the defendant's] concise statement, warrant a grant of summary judgment." *Aga v. Winter*, Civ. No. 08-00509 SOM/LEK, 2009 WL 4406086, at *2-3 (D. Haw. Dec. 1, 2009) (some alterations in original). In the present matter, the facts set forth in Defendants' separate and concise statement of facts in support of their motion is unopposed [Dkt. No. 23], and the facts contained therein are therefore deemed admitted. L.R. 56.1(g).

## DISCUSSION

### I. Martin's FDCPA Claim Fails as a Matter of Law

Martin asserts that Defendants used deceptive practices to collect a debt in violation of the FDCPA. Martin alleges in Count I that MERS and SPS acted as debt collectors under the FDCPA and that each of these Defendants attempted to collect a debt on behalf of either Trust 2007-HE3, or some unnamed Note holder. Complaint ¶¶ 30-31. Martin further alleges that "[b]ecause the Trust 2007-HE3 or an unnamed Note holder cannot own the debt, all attempts to collect the debt are false representations, deceptive, and unconscionable in violation of the FDCPA." Complaint ¶ 32. Defendants argue that they are entitled to judgment as a matter of law on Martin's FDCPA claim because they are not "debt collectors," or alternatively, they did not violate the FDCPA. The Court agrees.

The FDCPA prohibits various collection practices by "debt collectors" in order to "eliminate abusive debt collection practices." 15 U.S.C. § 1692(e) (describing the purpose of the FDCPA). To be liable, a defendant must, as a threshold requirement, be a "debt collector" within the meaning of the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995). The FDCPA defines "debt collector" as follows:

> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include—
>
> > (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
> >
> > (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;
> > . . . .
> > (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another

9

>to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a(6).

In the instant case, the Complaint fails to allege sufficient facts from which the Court can conclude that MERS or SPS are "debt collectors." Instead, the Complaint merely paraphrases the definition of "debt collector" in 15 U.S.C. § 1692a(6), *see* Complaint ¶ 30, but includes no factual allegations suggesting why or how MERS or SPS qualify as debt collectors. Further, under the FDCPA's definition of "debt collector," "original lenders, creditors, mortgage servicing companies, and mortgage brokers generally do not qualify as 'debt collectors.'" *Long v. Deutsche Bank Nat'l Trust Co.*, 2011 WL 5079586, at *14 (D. Haw. Oct. 24, 2011) (citing cases); *see also Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1209 (9th Cir. 2013). MERS, as nominee of the original lender, and SPS, as the servicer of the loan on behalf of the assignee, U.S. Bank, therefore are not "debt collectors" within the meaning of the FDCPA.

Further, even if the FDCPA was to apply, the Complaint fails to allege a viable FDCPA claim. As Defendants point out, Martin does not allege a specific violation of a provision of the FDCPA. Rather, Martin merely makes vague and

general allegations, which are based on her alleged confusion as to whom to pay her mortgage. *See* Complaint ¶¶ 11-13. Such alleged and unilateral confusion on the part of the borrower does not violate any FDCPA provision of which this Court is aware.

Moreover, Martin alleges that SPS has attempted to collect a debt on behalf of U.S. Bank, and "all attempts to collect the debt are false representations, deceptive, and unconscionable in violation of the FDCPA." Complaint ¶¶ 31-32. However, the only specific communication made by SPS that Martin identifies is one dated May 8, 2014, notifying Martin of her past-due loan. *See* Complaint Exh. H. As the servicer for U.S. Bank, SPS was entitled to make such a demand because U.S. Bank is the holder of the Note under HRS § 490:1-201, s*ee* CSF ¶ 5, and has the power to enforce it under HRS § 490:3-301.[3] Because U.S. Bank is entitled to enforce the Note, none of the statements made in the May 8, 2014 alleged communication can be reasonably construed as "false representations, deceptive, and unconscionable." Accordingly, Martin's FDCPA claim fails as a matter of law.

---

[3]To the extent that Martin bases her FDCPA claim on the assignment of the Mortgage, this argument fails because Martin lacks standing to challenge the assignment of the Mortgage. *See Benoist v. U.S. Bank Nat'l Ass'n*, Civil No. 10-00350 JMS-KSC, 2012 WL 3202180, at *4-6 (D. Haw. Aug. 3, 2012) (holding that borrower lacked standing to assert claims for failure to follow the terms of a Pooling and Servicing Agreement).

**II.     Martin Lacks Standing to Pursue Her Quiet Title Claim**

Count II of Martin's Complaint seeks to quiet title on the Subject Property. As Defendants correctly point out, this claim fails because, as a threshold matter, Martin lacks standing to raise her quiet title claim.

In order to establish standing, three requirements must be met:

> First and foremost, there must be alleged (and ultimately proved) an injury in fact—a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical. Second, there must be causation—a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant. And third, there must be redressability—a likelihood that the requested relief will redress the alleged injury. This triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102-04 (1998) (internal citations and quotation marks omitted); *see Takhar v. Kessler*, 76 F.3d 995, 1000 (9th Cir. 1996) ("A plaintiff has the burden of establishing the elements required for standing.").

Here, Martin's quiet title claim is based on her uncertainty concerning who owns the Note, which allegedly placed a cloud over her title. Complaint ¶¶ 41-42. Such vague allegations, however, are insufficient to satisfy the standing requirement. *See, e.g.*, *Iinuma v. Bank of America*, Civil No. 14-00295 DKW-KSC, 2014 WL 5361315, at *3 (D. Haw. Oct. 20, 2014). Specifically, Martin does

not allege that "more than one party has *actually* demanded concurrent payment on the same loan—allegations necessary to show actual injury." *Id.* Moreover, "[t]he potential for double liability relating to alleged uncertainty as to Defendants' various interests does not suffice as an injury-in-fact" in the quiet title context *Pascua v. Option One Mortg. Corp.*, Civil No. 14-00248, SOM/KSC, 2014 WL 7421504, at *4 (D. Haw. Dec. 31, 2014). In addition, Martin's claim is moot, because as previously explained, the record reflects that U.S. Bank is the holder of the Note under HRS § 490:1-201, s*ee* CSF ¶ 5, and has the power to enforce it under HRS § 490:3-301. As such, the basis for any purported uncertainty or confusion that Martin may have had is not evident.

## CONCLUSION

The Court hereby grants Defendants' Motion for Summary Judgment (Dkt. No. 21). The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED: October 23, 2015 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

Martin v. U.S. Bank National Association, et al.; CV 14-00458 DKW-BMK; ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT